UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re KEITH BRADLEY KRAMER,

    Debtor,

Case No. 2:20-cv-10152

/    HONORABLE STEPHEN J. MURPHY, III

SAID TALEB,

    Appellant,

v.

MILLER CANFIELD PADDOCK
AND STONE, PLC and WENDY
TURNER LEWIS,

    Appellees.

/

**OPINION AND ORDER GRANTING
APPELLEES' MOTION TO DISMISS THE APPEAL AS MOOT [7]**

Appellant Said Taleb is a creditor of Debtor. ECF 6, PgID 133. On appeal, Appellant filed an amended notice of appeal that sought review of an order from the United States Bankruptcy Court for the Eastern District of Michigan that denied Appellant's objection to the Trustee's final report and application for final compensation and reimbursement. ECF 6, PgID 53–58. But before Appellant filed a brief, ECF 13, Appellees Miller Canfield Paddock and Stone, PLC and Wendy Turner Lewis ("the Trustee") moved to dismiss the appeal as moot, ECF 7.

During the pending appeal, the Trustee administered the entire bankruptcy estate and the bankruptcy court discharged the Trustee and closed the case. ECF 16, PgID 7643. The Court conducted a hearing on November 10, 2020 with the use of

1

video conferencing technology. The Court will grant the motion to dismiss the appeal as moot.

## BACKGROUND

Before Debtor's bankruptcy, Appellant worked for Debtor's business as General Counsel and Vice President. ECF 6, PgID 320. Debtor, however, later falsely accused Appellant of forgery and embezzlement. *Id.* at 320–21. Appellant then obtained a $793,333.33 arbitration judgment against Debtor for the false accusations. *Id.* at 322.

Shortly after, Debtor filed for Chapter 11 relief.[1] In the bankruptcy case, Appellant made an allowed general unsecured claim for $793,333.33. ECF 6, PgID 133. Miller Canfield represented Appellant in the bankruptcy case. ECF 7, PgID 7193.

But Appellant eventually stopped paying Miller Canfield for its representation, so Miller Canfield obtained an attorney's lien on Appellant's claims for $220,519. ECF 6, PgID 255–56. Around the same time, another law firm—Turfe Law—also obtained an attorney's lien on Appellant's funds. *Id.* at 71.

In due time, Turfe Law sought to enforce its attorney's lien in Michigan state court. There, the state court ruled that both attorney's liens were valid, but Miller Canfield's lien had priority. ECF 6, PgID 71. The state court then ordered that any proceeds from the bankruptcy estate owed to Appellant must first be paid to Miller Canfield. *Id.*

---

[1] The Chapter 11 ultimately failed and converted to a Chapter 7. ECF 6, PgID 189.

After the state court ruling, the Trustee made the first distribution of property of the estate to creditors. ECF 6, PgID 192–93. Because of the state court order, the Trustee distributed Appellant's share to Miller Canfield. *See* ECF 6, PgID 117.

But when the Trustee tried to make a second distribution, Appellant unsuccessfully objected and appealed to the Court. ECF 6, PgID 91, 94–95, 113–21. The Court later dismissed the appeal for lack of prosecution. *Id.* at 147–49.

As the bankruptcy case continued, the Trustee's final report proposed paying $231,230.12 of Appellant's $793,333.33 claim. ECF 6, PgID 132–33. Once more, Appellant unsuccessfully objected, *Id.* at 50, and appealed, ECF 1, PgID 2.

In the initial notice of appeal, *id.*, Appellant sought review of three bankruptcy court orders: (1) the order that overruled Appellant's objection to the Trustee's final report and application for final compensation and reimbursement, *id.* at 5–6; (2) the order that granted the Trustee's fee and expenses, *id.* at 10; and (3) the order that granted Dakmak & Peurach, P.C.'s[2] third and final application of attorney fees and expenses, *id.* at 12. Notably, the initial notice listed only the Trustee as an appellee. *Id.* at 2–3.

Eventually, Appellant amended the notice of appeal to list both the Trustee and Miller Canfield as appellees. ECF 6, PgID 54. The amended notice, however, sought only review of the order overruling Appellant's objection to the Trustee's final report and application for final compensation and reimbursement. *Id.* Yet, on brief, Appellant sought review of the bankruptcy court's fee orders and asked the Court to

---

[2] Dakmak & Peurach, P.C. is the Trustee's counsel. *Id.* at 12.

conduct an evidentiary hearing about the reasonableness of the awarded fees. ECF 13-3, PgID 7280, 7290.

Appellant never obtained a stay in the bankruptcy court, so the Trustee administered the entire bankruptcy estate. ECF 16, PgID 7643. In the end, the bankruptcy court discharged the Trustee and closed the case while the appeal was pending. *Id.*

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule Civil Procedure 12(b)(1) allows dismissal of a case for "lack of subject-matter jurisdiction." When a defendant challenges subject-matter jurisdiction, the plaintiff bears the burden of proving jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). Under Rule 12(b)(1), a party may move to dismiss a bankruptcy appeal as moot. *In re City of Detroit*, 2015 WL 5697702, at *3 (E.D. Mich. Sept. 29, 2015), *aff'd*, 838 F.3d 792 (6th Cir. 2016).

## DISCUSSION

I. <u>Amended Notice of Appeal</u>

Federal Rule of Bankruptcy Procedure 8002(a) requires a "notice of appeal [] be filed with the bankruptcy clerk within [fourteen] days of the date of entry of the judgment, order, or decree being appealed." The Sixth Circuit strictly construes Rule 8002 and interprets timely filing as a jurisdictional requirement. *In re Burns*, 322

4

F.3d 421, 430 (6th Cir. 2003). That said, an appellant must amend a notice of appeal within the same fourteen-day period after entry of the order it challenges. *See id.* ("Rule 8002 applies equally to amended notices of appeal as well as notices of appeal."). "[T]he bankruptcy court may extend the time to file a notice of appeal" if the party seeking the extension files a motion and "shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1).

Here, Appellant filed the amended notice of appeal late. The amended notice sought review of the bankruptcy court's order approving the Trustee's final report and application for final compensation and reimbursement. ECF 6, PgID 54. Yet Appellant filed the amended notice of appeal almost a month after the bankruptcy court issued the order. *Id.* at 56. Because Appellant never moved for an extension based on excusable neglect, the amended notice of appeal is untimely. *See* Fed. R. Bankr. P. 8002(a). The Court must therefore dismiss the amended notice of appeal.

Still, the dismissal of the amended notice does not affect the initial notice. *In re Linder*, 215 B.R. 826, 832 (B.A.P. 6th Cir. 1998). And because Appellant timely filed the initial notice of appeal, it remains valid.

Then, given the dismissal of the amended notice, the Court must therefore dismiss the appeal against Miller Canfield because the initial notice fails to list Miller Canfield as an appellee. *Compare* ECF 6, PgID 54 (amended notice of appeal listing the Trustee and Miller Canfield as appellees) *with* ECF 1, PgID 2–3 (initial notice of appeal listing only the Trustee as an appellee). And the Court will proceed to address the Trustee's motion to dismiss, ECF 7.

II.      <u>Motion to Dismiss Appeal</u>

The Trustee raised two grounds for Rule 12(b)(1) dismissal: constitutional and equitable mootness. ECF 7, PgID 7200–08. Because constitutional mootness is a jurisdictional limit on the Court's power, the Court must address it first. *Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009) (explaining that once a case no longer involves a live controversy it is outside the jurisdiction of federal courts); *see Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–26 (2014) (Scalia, J.) (explaining that dismissal on "prudential, rather than constitutional [grounds] . . . is in some tension with our recent affirmation of the principle that a federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging") (internal quotations and citations omitted).

    A. *Constitutional Mootness*

Federal courts can only adjudicate actual cases and live controversies. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 550 (6th Cir. 2003) (internal quotations omitted).

An appeal is moot when events during the pending appeal make it "impossible for the court to grant any effectual relief whatever. . . ." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)) (internal quotations omitted). But "even the availability of a partial remedy is sufficient to prevent [a] case

6

from being moot." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (citing *Church of Scientology of Cal.*, 506 U.S. at 13) (internal quotations omitted). For that reason, "[t]he party moving for dismissal on mootness grounds bears a heavy burden." *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012) (internal citations and quotations omitted). The Court must determine whether there is a live case and controversy over the three orders on which Appellant seeks review.

### 1. Order granting Dakmak & Peurach, P.C.'s third and final application of attorney fees and expenses

The Court will dismiss the appeal of the bankruptcy court's order granting Dakmak & Peurach's third and final application of attorney fees and expenses. ECF 1, PgID 12. The appeal is constitutionally moot because the Court cannot grant any effective relief to Appellant. *See Coal. for Gov't Procurement*, 365 F.3d at 458 (citation omitted). Simply put, the bankruptcy court's order granted fees and expenses to Dakmak & Peurach, an entity that is not a party to the appeal. *See id.* at 12, 14. And the "[C]ourt lacks power to compel non-parties to return funds." *Pookrum v. Bank of America, N.A.*, 512 B.R. 781, 786 (D. Md. 2014).

Even if the Court overturned the order, the Court is powerless to compel Dakmak & Peurach to return any funds. *Id.* Because "[e]ffective relief is impossible if funds have been disbursed to persons who are not parties to the appeal[,]" the Court will dismiss the appeal of the order as constitutionally moot. *In re Blumer*, 66 B.R. 109, 113 (B.A.P. 9th Cir. 1986).

> 2. *Order overruling Appellant's objection to the Trustee's final report and application for final compensation and reimbursement*

Next, the Court will dismiss the appeal of the bankruptcy court's order overruling Appellant's objection as constitutionally moot. ECF 1, PgID 5–6. Passing over the fact that Appellant untimely objected, *id.*, the Court is powerless to offer any effective relief to Appellant because Appellant never obtained a stay.

Without a stay, the Trustee ultimately administered the entire bankruptcy estate and the bankruptcy court discharged the Trustee and closed the case. ECF 16, PgID 7643. If Appellant had obtained a stay, then he would have avoided those events. But without a stay, "the appeal becomes moot because a reviewing court cannot fashion a remedy. . . ." *In re Reynolds*, 455 B.R. 312, 319–20 (D. Mass. 2011).

To illustrate, if the Court overturned the order, then the bankruptcy court would have to rule again on Appellee's objection even though the motions Appellee objected to have since been granted. If the Court overturned the bankruptcy court's order, the bankruptcy court would have nothing on which to act, and the Court would be asking the bankruptcy court to essentially issue an advisory opinion.

In short, the events that took place after the appeal have made "it impossible for the Court to grant any effectual relief" on the order. *In re Fontainebleau Las Vegas Holdings, LLC*, 434 B.R. 716, 740 (S.D. Fla. 2010) (emphasis in original) (citation omitted). The Court will deny the appeal of the bankruptcy court's order denying Appellant's objection as constitutionally moot.

8

### *3. Order granting the Trustee's fee and expenses*

Last, the Court finds that the appeal of the bankruptcy court's order granting the Trustee's fee and expenses is constitutionally ripe. Unlike the order granting Dakmak & Peurach, P.C.'s fees and expenses, the Trustee is a party to the appeal. ECF 1, PgID 2. And the Court may reverse the bankruptcy court order and require the Trustee to return money back to the bankruptcy estate. *Pookrum v. Bank of America, N.A.*, 512 B.R. 781, 786 (D. Md. 2014) ("When funds have been distributed only to parties, the issue is not constitutionally moot.").

Admittedly, the Trustee could only return the money to the bankruptcy estate if the bankruptcy court reopens the case. And the decision to reopen the bankruptcy case is within the discretion of the bankruptcy court. *In re Romano*, 59 F. App'x 709, 711–12 (6th Cir. 2003). Yet bankruptcy courts routinely reopen cases to administer later-discovered assets in the bankruptcy estate. *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008). To that end, if the Court reverses the order, then the bankruptcy court would reopen the case to deal with newfound money. The appeal is therefore constitutionally ripe because it is not "impossible for the court to grant any effectual relief[.]" *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (citation omitted). But the Court must still address whether the appeal of the order is equitably moot.

### B. *Equitable Mootness of the Order Granting the Trustee's Fee and Expenses*

The difference between the constitutional and equitable mootness is the "*inability* to alter the outcome (real mootness) and *unwillingness* to alter the outcome

9

(equitable mootness)." *Matter of UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir. 1994) (Easterbrook, J.) (emphasis in original) (internal quotations omitted). In other words, equitable mootness "preserv[es] interests bought and paid for in reliance on judicial decisions and avoid[s] the pains that attend any effort to unscramble an egg[.]" *Id.*

Although equitable mootness is more common in reorganizations, many courts have employed equitable mootness principles in Chapter 7 liquidations. *See, e.g., In re McDonald*, 471 B.R. 194, 196–97 (E.D. Mich. 2012); *In re Connolly N. Am., LLC*, 432 B.R. 244, 250–51 (E.D. Mich. 2010). Equitable mootness applies "when the appellant has failed to obtain a stay and although relief is possible[,] the ensuing transactions are too complex and difficult to unwind." *In re PW, LLC*, 391 B.R. 25, 33 (B.A.P. 9th Cir. 2008) (internal quotations and citations omitted).

In Chapter 7 liquidations, courts weigh three factors to determine equitable mootness. The first, "most important factor" asks "whether the relief requested [on appeal] would affect either the rights of parties not before the court or the success of the [liquidation] plan[.]" *In re Connolly N. Am., LLC*, 432 B.R. at 251 (citation omitted). The second factor focuses on "whether a stay has been obtained." *Id.* (citation omitted). And the third examines whether the liquidation plan "has been substantially consummated." *Id.* (citation omitted). The Court will address each factor in turn.

> *1. Requested relief's effect on rights of other parties or success of the liquidation plan*

First, Appellant asked the Court to "reverse the fee orders or alternatively conduct an evidentiary hearing as to the reasonableness of fees awarded." ECF 13-3,

10

PgID 7290. The problem is that the Court cannot conduct the requested evidentiary hearing because the Court reviews a bankruptcy court's award of fees only for abuse of discretion. *In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991).

Although the Court can reverse the order, a reversal would require reopening the bankruptcy case and rehearing the Trustee's motion for fees and expenses. Reversal would also require the bankruptcy court to adjudicate an entire adversarial proceeding. *See* Fed. R. Bankr. P. 7001(1) (explaining that "a proceeding to recover money" is an adversarial proceeding). And the Trustee would inevitably accrue higher fees and expenses—not to mention attorney's fees. The money at issue is around eleven thousand dollars. In all, requiring the bankruptcy court to conduct another adversary proceeding would likely risk altering the distributions of other parties not on the appeal. Even more to the point, reversal would up-end an already-successful liquidation plan. The first factor therefore favors a finding of equitable mootness.

### 2. *Stay obtained and substantial consummation of the liquidation plan*

The Court will address the final two factors together. Although failure to seek a stay "is not necessarily fatal[,]" *City of Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1225–26 (6th Cir. 1995), the second factor still weighs against Appellant. Appellant never obtained a stay pending appeal. Without a stay, the Trustee continued her work and administered all the property of the estate. ECF 16, PgID 7643. In turn, the bankruptcy court prudently dismissed the case and in doing so the automatic stay terminated. 11 U.S.C. § 362(c)(2)(B); ECF 16, PgID 7643. And, finally, given that the Trustee fully administered the estate according to the Trustee's

11

final report, the Court finds that the third factor—substantial consummation of the plan—is easily satisfied.

Because all three factors favor a finding of equitable mootness, the Court will find that the appeal of the order granting the Trustee's fee and expenses, ECF 1, PgID 10, is equitably moot. And accordingly, the Court must dismiss the entire appeal.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Amended Notice of Appeal, ECF 6, PgID 53–62, is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that Appellee Miller Canfield is **DISMISSED**.

**IT IS FURTHER ORDERED** that Appellee Wendy Turner Lewis's motion to dismiss the appeal as moot [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the appeal is **DISMISSED** as moot.

This is a final order that closes the appeal, 20-cv-10152.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 25, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 25, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager